IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL WILSON, #230202, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:04-CV-1149-MHT |
| | ) [WO] |
| | ) |
| WARDEN GILES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Joseph Michael Wilson ["Wilson"], a state inmate, on November 21, 2004.[1] In this petition, Wilson challenges six convictions for first degree theft of property by deception entered against him by the Circuit Court of Tallapoosa County, Alabama on October 18, 2001. These convictions became final by operation of law on September 11, 2003.

In accordance with the orders of this court, the respondents filed an answer in which they argue that Wilson's federal habeas petition is barred by the one-year limitation period

---

[1] Although the Clerk of this court stamped the habeas petition "filed" on November 29, 2004, Wilson certified that he executed the petition on November 21, 2004. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Wilson] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 21, 2004 as the date of filing.

applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because the challenged convictions became final after the effective date of the statute of limitations Wilson must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending before the state courts. The respondents assert and the evidentiary materials establish that Wilson failed to file a state post-conviction action challenging his theft convictions thereby forgoing statutory tolling of the limitation period. In sum, the respondents argue that "[t]he one-year period [of limitation] began running, in Wilson's case, . . . when the time expired for him to seek review by the United States Supreme Court in September 2003" and continued to run without interruption until it expired on September 11, 2004. *Respondents' Answer* at 6-7. The respondents therefore maintain that the present federal petition for habeas corpus relief is time barred.

Based on the limitation argument set forth by the respondents, the court entered an order advising Wilson that he had failed to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). *Order of July 13, 2005 - Court Doc. No. 8* at 2-4. This order also allowed Wilson an opportunity to show cause why his federal habeas petition should not be barred from review by this court as untimely. *Id*. at 4. In

---

[2]Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

2

response to this order, Wilson contends that this court should ignore the untimeliness of his petition because he is entitled to relief on the merits of his claims. Specifically, Wilson argues, as he did throughout the trial and direct appeal of his case, that he should not have been subjected to criminal liability for his actions because "[t]he bills of sales for the vehicles clearly state 'this vehicle sold <u>strictly</u> <u>as is</u>, <u>no warranty</u>, <u>for restoration</u>.'" *Petitioner's July 26, 2005 Response - Court Doc. No. 9* at 6. Wilson also asserts that based on the aforementioned circumstances he is actually innocent of theft by deception. Additionally, Wilson asserts that he filed a 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Alabama in December of 2003, *Wilson v. Pryor*, Civil Action No. 03-JEO-3292-S, challenging the constitutionality of his theft by deception convictions and argues that this § 1983 action should toll the one-year period of limitation applicable to federal habeas petitions as he filed such action prior to expiration of the limitation period.[3] These assertions, however, do not impact the running of § 2244(d)(1)'s period of limitation. Consequently, Wilson failed to file the instant § 2254 petition for writ of habeas corpus relief within a year of his theft by deception convictions becoming final.

Upon review of the pleadings filed by the parties, the undisputed state court record

---

[3] On November 1, 2004, this court received the section 1983 action from the United States District Court for the Northern District of Alabama on an order of transfer. *See Wilson v. Pryor, et al.*, Civil Action No. 2:04-CV-MEF (M.D. Ala. 2004). On November 9, 2004, a Recommendation was entered that the § 1983 action be summarily dismissed under the law as established in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Wilson v. Pryor, et al.,- Court Doc. No. 44*. This Recommendation became the opinion of the court on November 30, 2004. *Id. - Court Doc. No. 48*.

3

and applicable federal law, the court concludes that no evidentiary hearing is required and that Wilson's habeas petition is due to be denied as untimely in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Actual Innocence

This court must determine whether Wilson has made a showing of actual innocence before addressing the respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations.  *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

> eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Wilson presents only his self-serving, conclusory allegation that his actions did not constitute commission of the offenses for which a duly empaneled jury found him guilty. Moreover, Wilson's allegation of innocence is not based on new evidence. By Wilson's own admission, this is the same defense on which he relied during trial and presented as a ground for relief on direct appeal.[4] Wilson has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The court therefore concludes that the petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

## B. The Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d)

---

[4] The jury rejected Wilson's protestations of innocence related to the "as is, no warranty" language contained in each bill of sale. In a detailed memorandum opinion, the Alabama Court of Criminal Appeals likewise refused to grant Wilson relief from his convictions based on "his proposition that the 'as is, no warranty' clause prevents criminal culpability for theft by deception. . . . Wilson has cited no authority for the proposition, and we have found none, that a disclaimer in a warranty [or bill of sale] is any insulation from criminal prosecution for theft by deception." *Respondents' Exhibit B* at 11.

and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. §

2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

Wilson was convicted on six counts of first degree theft by deception by the Circuit Court of Tallapoosa County, Alabama on October 18, 2001. He filed a direct appeal challenging these convictions and the Alabama Court of Criminal Appeals issued a memorandum opinion affirming such convictions on November 22, 2002. *Respondents' Exhibit B*.[5] Wilson subsequently filed a petition for writ of certiorari with the Alabama Supreme Court which the court denied on June 13, 2003. *Respondent's Exhibit D*. The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on this same date. *Respondents' Exhibit E*. Wilson did not further appeal his convictions for theft by deception. Consequently, these convictions became final on September 11, 2003 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the conviction -- as this is the date on which the time expired for Wilson to file a petition for writ of certiorari

---

[5] The Alabama Court of Criminal Appeals issued its memorandum opinion upon Wilson filing an application for rehearing.

7

with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001). The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on this date.

      1. **Statutory Tolling of the Limitation Period**. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Wilson failed to file a state post-conviction petition challenging his theft by deception convictions. Moreover, the pendency of a federal civil action, such as Wilson's § 1983 suit, does not trigger tolling of the limitation period under § 2244(d)(2). *Cf. Duncan v. Walker*, 533 U.S. 167, 181 (2001). Thus, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on September 11, 2003 and ran without interruption by statutory tolling.

      2. **Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-14 (11th Cir.2001).

In the documents and pleadings before the court, Wilson contends that he timely filed a § 1983 action attacking his theft by deception convictions and seeks equitable tolling of the limitation period during the time this action remained pending before the federal courts of this state. In support of this assertion, Wilson maintains he filed the 2003 civil action under § 1983 based on erroneous "advice . . . from an inmate clerk . . . who gave [him] the wrong form to file the Habeas Corpus proceedings . . ." *Petitioner's Response - Court Doc. No 13* at 1. Wilson also seeks to secure equitable tolling due to his "limited (virtually non-existent) knowledge . . . of the U. S. Courts and proper procedure." *Id*.

Upon exhaustive review of the record and applicable federal law, the court concludes that Wilson fails to present circumstances which countenance equitable tolling of the limitation period.

A petitioner's reliance on the assistance and erroneous advice of an inmate clerk fails

to establish extraordinary circumstances necessary to excuse an untimely filing. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [the petitioner] from the personal responsibility of complying with the law."). Ignorance of the law likewise fails to establish a basis for equitable tolling as this "is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997); *Marsh*, 223 F.3d at 1220 ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)."); *Smith v. McGinnis,* 208 F.3d 13, 18 (2nd Cir.2000) (petitioner's pro se status does not warrant equitable tolling); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (equitable tolling not justified by fact that petitioner did not understand the law). In light of the foregoing, the court concludes that the reasons on which Wilson relies to excuse his untimeliness do not warrant equitable relief from application of the limitation period. Specifically, Wilson fails to set forth the existence of any extraordinary circumstance which prevented him from filing a timely habeas petition. Additionally, Wilson presents nothing

10

which demonstrates that he exercised diligence in pursuing his claims in a petition for habeas corpus relief. The record is therefore devoid of evidence that Wilson's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Consequently, Wilson is not entitled to equitable tolling of the limitation period.

    **3. Expiration of the Limitation Period**. Wilson filed the instant petition for federal habeas corpus relief on November 21, 2004. Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on September 11, 2003 and ran uninterrupted until it expired on September 11, 2004. The limitation period therefore lapsed over two months prior to Wilson filing this federal habeas action and Wilson has failed to show why his petition should not be dismissed as untimely.

### III. CONCLUSION

    Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1. The petition for habeas corpus relief filed by Joseph Michael Wilson be denied as Wilson failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

    2. This case be dismissed with prejudice.

    It is further

ORDERED that on or before November 16, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE